# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS RAYMILLIER TENNARD, JR.,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ROBERT NEUSCHMID,<br><br>　　　　Respondent. | Case No. 5:19-cv-01186-GW (AFM)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

　　On June 21, 2019, Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition raises the following two claims for relief:

1. "Whether the Sentencing Reform Act of 2012 requires the prosecution to specifically plead disqualifying statutory language in order to allow a defendant charged with a non-serious and non-violent offense to be sentenced to 25-years-to-life rather than the presumptive doubled term."

2. "Review must be granted in order for this court to decide what pleading language is required by the Sentencing Reform Act of 2012 in order to trigger a life-sentence in a matter in which a defendant,

> convicted of a non-serious and non-violent felony, is presumed to be
> facing a maximum second strike sentence."

(ECF No. 1 at 5.) The petition also purports to "incorporates by reference" Petitioner's petition for review filed in the California Supreme Court. (ECF No. 1 at 5.) However, that petition for review is not attached to the federal habeas corpus petition. For the following reasons, the petition is dismissed without prejudice and with leave to amend.

Federal habeas corpus relief is available only when a petitioner has been convicted or sentenced in violation of the Constitution, laws, or treaties of the United States. It is not available for errors in the interpretation or application of state law. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The petition here does not contend that the alleged error deprived him of any federally protected right. Instead, Petitioner's allegations involve solely the statutory interpretation and application of California sentencing law. Thus, as pleaded, the petition fails to present a cognizable federal claim. *See, e.g., Nelson v. Biter*, 33 F. Supp. 3d 1173, 1177-1178 (C.D. Cal. 2014) (claim that petitioner was entitled to resentencing under Three Strikes Law because robbery that he committed did not involve force or injury to victim did not assert cognizable due process violation since claim involved mere application or interpretation of California law); *Moore v. Chrones*, 687 F. Supp. 2d 1005, 1049 (C.D. Cal. 2010) (petitioner's claim that "voter initiative superseded the legislative enactment rests on statutory construction principles under California law and, at most, raises a question of state law. This state law question is not cognizable on federal habeas review.").

Although the petition fails to state a cognizable claim, it is not clear that Petitioner will be unable to remedy this deficiency by amendment. The Court notes that Petitioner appears to have raised a federal due process claim on direct appeal to the California Court of Appeal. *See People v. Tennard*, 18 Cal. App. 5th 476, 485-486 (2017). He may also have presented such a claim to the California Supreme Court

in his petition for review. Because Petitioner does not include a copy of his petition for review, the Court cannot determine whether this is so.

For the foregoing reasons, the petition is dismissed with leave to amend. If Petitioner still desires to pursue this action, he is **ORDERED** to file a First Amended Petition on the standard form within thirty (30) days of the date of this Order. The clerk is directed to send Petitioner a blank Central District § 2254 habeas petition form for this purpose.

The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," be filled out completely, and be signed and dated. The First Amended Petition must include the specific legal and factual basis for each of Petitioner's claims for relief (including the federally protected right upon which his claim(s) are based) as well as indicate whether each of those claims has been presented to the California Supreme Court. If available, Petitioner shall attach a copy of the petition for review filed in the California Supreme Court.

**Petitioner is cautioned that failure to timely file a First Amended Petition in compliance with this Order may result in dismissal of this action without prejudice.**

DATED: 6/28/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachment: CV-69