| | |
|---|---|
| Case No. **5:19-cv-01186-GW (AFM)** | Date: October 22, 2019 |
| Title | Thomas Raymillier Tennard, Jr. v. Robert Neuschmid, Acting Warden |

Present: The Honorable: **ALEXANDER F. MacKINNON, U.S. Magistrate Judge**

| Ilene Bernal | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers): ORDER RE FURTHER PROCEEDINGS**

Petitioner's first amended petition for a writ of habeas corpus raises four claims for relief. (ECF No. 7 at 6-7.) On September 20, 2019, Respondent filed a motion to dismiss the petition arguing that Petitioner has not exhausted his state remedies with respect to the following claims: (1) Petitioner's sentence deprived him of his Constitutional rights and violates that Eighth Amendment's prohibition against cruel and unusual punishment (Ground Three) and (2) Petitioner's trial counsel provided ineffective assistance of counsel in advising Petitioner to reject a plea offer with a fifteen-year sentence and failing to advise Petitioner that he faced a Three-Strikes sentence (Ground Four). (ECF No. 13.)

A state prisoner is required to exhaust all available state court remedies before a federal court may grant him habeas relief. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, petitioner must fairly present both the factual and the federal legal basis for his claims to the highest state court. *O'Sullivan*, 526 U.S. at 845; *Gatlin v. Madding*, 189 F.3d 882, 887-888 (9th Cir. 1999).

Petitioner concedes that he did not present Ground Four to the California Supreme Court. (ECF No. 15 at 2-3.) Furthermore, notwithstanding Petitioner's contrary contention, reference to the Petition for Review filed in the California Supreme Court reveals no reference to any federal constitutional right. (*See* Respondent's Notice of Lodgment, Lodged Document 7.)

Because it appears that Petitioner has failed to exhaust his state remedies with respect to these two claims for relief, the entire petition is subject to dismissal. Before dismissing the petition, however, the Court will provide petitioner an opportunity to address the exhaustion issue by electing one of the following three options:

(1) Petitioner may withdraw the unexhausted claims by filing a Notice of Withdrawal. If Petitioner elects this option, the matter will proceed on the merits of the remaining exhausted claims. Petitioner is advised that withdrawal of the unexhausted claims may preclude federal review of those claims in any future petition. *See* 28 U.S.C. § 2244(b) (precluding review of second or successive petitions with limited exceptions).

(2) Petitioner may file a Motion for Voluntary Dismissal, requesting dismissal of this entire action without prejudice so that he may exhaust his state court remedies with respect to the unexhausted claims before returning to federal court with a fully exhausted petition. Petitioner is advised that if he chooses this option, federal review of all of his claims may be barred by the one-year limitation period. *See* 28 U.S.C. § 2244(d).

(3) Petitioner may file a Motion to Stay to stay this action so that he may present his unexhausted claims to the the California Supreme Court. If Petitioner chooses this option, he will need to make the requisite showing under *Rhines v. Weber*, 544 U.S. 269 (2005). Specifically, Petitioner must demonstrate (a) good cause for his failure to exhaust his claims prior to filing his federal petition, (b) that his claims are not plainly meritless, and (c) that he has not engaged in abusive litigation tactics or intentional delay. *Rhines*, 544 U.S. at 277-278. If Petitioner files such a motion, he shall also indicate whether he alternatively requests a stay pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) if the Court determines he is not entitled to a *Rhines* stay.[1]

---

[1] Unlike *Rhines*, a *Kelly* stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). However, "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely" under the AEDPA's one-year statute of limitation. *King*, 564 at 1140–1141.

Case No.  **5:19-cv-01186-GW (AFM)**               Date: October 22, 2019

Title     Thomas Raymillier Tennard, Jr. v. Robert Neuschmid, Acting Warden

Petitioner shall file a response to this order on or before **November 20, 2019**. Petitioner is cautioned that failure to timely respond to this order may result in dismissal of this action without prejudice for failure to exhaust state remedies and/or failure to prosecute.

**It is so ordered.**

|  | : |
|---|---|
| **Initials of Preparer** | ib |